IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AMERICAN WESTERN HOME INSURANCE COMPANY,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>UTOPIA ACQUISITION L.P., et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 08-0419-CV-W-ODS-ECF<br>)<br>)<br>)<br>) |

**SUGGESTIONS IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

　　　　Defendants Utopia Acquisition L.P. and Dalmark Management Group, LLC (hereinafter collectively referred to as "Utopia"), by and through their attorneys of record, for their Suggestions in Opposition to Plaintiff American Western Home Insurance Company's (hereinafter "Plaintiff" or "American Western") Motion for Summary Judgment, state and allege as follows:

**UTOPIA'S RESPONSE TO PLAINTIFF'S**
**STATEMENT OF UNCONTROVERTED FACTS**

　　　　1.　　　　Utopia admits that they purchased, and Plaintiff issued, a comprehensive general liability insurance policy, policy # QR0011147C (the "CGL Policy"), effective December 16, 2004, to December 16, 2005. Utopia admits that the CGL Policy is attached to Plaintiff's Memorandum in Support of Motion for Summary Judgment. Utopia states that the CGL Policy speaks for itself.

　　　　2.　　　　Utopia admits that a copy of the Draft Petition for Damages styled *Makya Nash, Deundre Williams, Anthony Richard and Georgia Nash* (hereinafter collectively referred to as

"Nash") *v. Utopia Acquisition L.P. d/b/a Brittany Place Apartments, Dalmark Management Group, LLC a/k/a Dalmark Management, Inc. d/b/a/ Brittany Place Apartments and Maxus Properties, Inc. d/b/a Brittany Place Apartments* (the "Draft Petition") is attached to Plaintiff's Memorandum in Support of Motion for Summary Judgment as Exhibit B. Utopia states that the Draft Petition speaks for itself.

3. Utopia admits that Nash made the allegations as stated in Paragraph 3 of Plaintiff's Statement of Uncontroverted Facts. Utopia denies those allegations and the remaining allegations in the Draft Petition. Utopia states that the Draft Petition speaks for itself.

4. Utopia admits that the text of the provision in the CGL Policy exists as stated in Paragraph 4 of Plaintiff's Statement of Uncontroverted Facts. Utopia states that the CGL Policy speaks for itself.

## UTOPIA'S ADDITIONAL STATEMENT OF UNCONTROVERTED FACTS

1. The Draft Petition attached as Exhibit B to Plaintiff's Memorandum in Support of Motion for Summary Judgment has not been filed. *See Affidavit of Christopher Barhorst attached hereto as Exhibit 1*.

2. In the Draft Petition, Nash alleges various claims against Utopia. *See generally Nash's Draft Petition*. One of the claims alleged by Nash against Utopia is a claim for negligence. *See the Draft Petition, Count I*.

3. In their Draft Petition, Nash alleges, among other similar allegations, that:

> . . . the apartment had mold and other **airborne contaminates and/or irritants** that had developed in the interior and exterior of the apartment due to sources unknown to Plaintiffs, but at all times mentioned herein, and relevant hereto, was known to Defendants, . . .

*See Paragraph 12 of the Draft Petition* (emphasis added).

> . . . Defendants negligently and/or intentionally failed to take appropriate actions necessary to correct these conditions, including, but not limited to, the **serious moisture** and mold problems in the apartments, . . .

*See Paragraph 16 of the Draft Petition* (emphasis added).

> **Serious moisture** and mold problems existed in the apartment . . .

*See Paragraph 18 of the Draft Petition* (emphasis added).

> As a result of Defendant's negligent and/or intentional failure to take actions necessary to correct the **moisture** and mold problems in the apartment, Plaintiffs were exposed to unacceptable levels of mold and fungus infestation for an extended period . . .

*See Paragraph 20 of the Draft Petition* (emphasis added).

> As a foreseeable, direct and proximate result of the aforesaid conduct and inaction of Defendants, Defendants' failure to maintain the apartments' heating, venting and air conditioning system, plumbing and sewer system, drains and other exteriors, including exterior walls, and Defendants' concurrent failure to remedy the **water residue and other moisture-related contamination** from, and including, but not limited to, toxic mold that was within the apartment and remained and continued to remain in the apartment, constituting a continuing hazard, as set forth in allegations incorporated herein, Plaintiffs have, consequently, suffered and continuing damage to the residents and to the minor Plaintiffs' persons.

*See Paragraph 28 of the Draft Petition* (emphasis added).

> That as a direct and proximate result of Defendants' **negligent maintenance of the premises**, . . .

*See Paragraph 32 of the Draft Petition* (emphasis added).

## UTOPIA'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

To successfully establish a right to summary judgment, a movant must establish that "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, (1986). In this case, Plaintiff is not entitled to summary judgment because: (1) Plaintiff has a duty to defend Utopia under the

subject CGL Policy in that the claims against Utopia in the Draft Petition create the possibility that the damages allegedly suffered by Nash were the result of an "occurrence" or an "accident;" (2) Plaintiff has a duty to defend Utopia under the subject CGL Policy because Nash alleges a claim of negligence against Utopia in the Draft Petition; and (3) Plaintiff's claim of entitlement to summary judgment regarding Plaintiff's duty to indemnify Utopia is not ripe because Plaintiff has a duty to defend Utopia against Nash's alleged claim. For these reasons, the reasons set forth below and viewing the evidence in the light most favorable to Utopia, this Court should overrule Plaintiff's Motion for Summary Judgment and enter declaratory judgment that Plaintiff has a duty to defend Utopia against Nash's alleged claim.

## ARGUMENT

I. **Plaintiff is not entitled to a declaratory judgment that it has no duty to defend and indemnify Utopia because Plaintiff has a duty to defend Utopia against Nash's alleged claim.**

Under well-established Missouri law, a liability insurer's duty to defend an insured arises whenever this is "potential or possible liability to pay based on the facts at the outset of a case . . . ." *McCormack Baron Mgmt. Servs., Inc. v. Am. Guar. & Liab. Ins. Co.*, 989 S.W.2d 168, 170 (Mo. banc 1991). Courts must resolve the question of whether there is a duty to defend by comparing the language of the applicable insurance policy with the allegations of the claimant against an insured. *Id.* If the complaint merely alleges facts that give rise to a claim "**potentially** within the policy's coverage . . ." the insurer has a duty to defend. *Id.* (emphasis added). It is also well-settled that the duty to defend is broader than the duty to indemnify. *Id.* In this case, Plaintiff is not entitled to summary judgment because Plaintiff has a duty to defend Utopia against the alleged claims asserted by Nash in the Draft Petition.

4

### A. Plaintiff has a duty to defend Utopia against all claims asserted in the Draft Petition because the facts alleged by Nash in the Draft Petition are sufficient to allege the possibility of an "occurrence" under Plaintiff's CGL Policy.

Under Missouri law, courts construe insurance provisions designed to restrict coverage most strongly against the insurer and to the favor of the insured. *Missouri Terrazzo Co., Inc. v. Iowa Nat'l Mut. Ins. Co.*, 566 F.Supp. 546, 553 (E.D. Mo. 1983); *Amerisure Mut. Ins. Co. v. Paric Corp.*, No. 4: 04CV430-DJS, 2005 WL 2708873,*1 (E.D. Mo. Oct. 21, 2005) (*distinguished on other grounds*). In its Motion for Summary Judgment, Plaintiff urges the Court to enter summary judgment and a declaration that Plaintiff has no duty to defend or indemnify Utopia in the underlying lawsuit because Nash's alleged claims are allegedly excluded from coverage by the subject CGL Policy's mold exclusion provisions. *See generally Plaintiff's Motion for Summary Judgment*. Plaintiff ignores, however, other allegations by Nash that would invoke coverage for Utopia under the CGL Policy. *See Utopia's Additional Statement of Uncontroverted Facts, ¶ 3*. Specifically, Nash alleges that their alleged injuries were caused by serious moisture problems in the apartment and due to exposure to airborne contaminates and/or irritants other than mold. *Id.*

This Court should find in favor of coverage for Utopia based on the Draft Petition given the possibility that there was an "occurrence" or "accident" that led to the alleged claims being asserted against Utopia. Looking at the specific pleadings of the Draft Petition alone, it is impossible to rule out the possibility that the damages allegedly caused by Utopia were not an "occurrence" or an "accident."

The facts that form the basis of Nash's alleged claims against Utopia set forth in the Draft Petition create the possibility that water residue and other moisture-related contamination caused

5

the alleged damages and injury. *Id*. As such, this Court should find in favor of coverage for Utopia under Plaintiff's CGL Policy and overrule Plaintiff's Motion for Summary Judgment.

> **B. Plaintiff has a duty to defend Utopia against all claims asserted in the Draft Petition because a duty to defend arises from Nash's alleged claim of negligence against Utopia.**

In this case, Nash's alleged claims in the Draft Petition assert various causes of action against Utopia. *See Generally, Nash's Draft Petition*. One such cause of action is Nash's Count I, claim for negligence. *See Nash's Draft Petition, Count I.*

As previously established, an insurer's duty to defend arises if a complaint against an insured "alleges facts which state a claim potentially or arguably within [an insurance] policy's coverage." *Superior Equip. Co., Inc. v. Maryland Cas. Co.*, 986 S.W.2d 477, 481 (Mo. Ct. App. 1998). Ultimately, the mere presence of some potentially insured claims in a complaint give rise to a duty to defend, even though claims beyond coverage may also be present. *Id.* at 482.

Nash's alleged cause of action of negligence against Utopia is sufficient to invoke Plaintiff's duty to defend Utopia against Nash's alleged claims. When a liability policy such as Plaintiff's CGL Policy provides coverage for an "occurrence," and the policy defines "occurrence" to include an "accident," Missouri courts interpret the definition of these terms to mean injury caused by the negligence of an insured. *Wood v. Safeco Ins. Co. of Am.*, 980 S.W.2d 43, 49 (Mo. Ct. App. 1998). Specifically, the term "accident," when used without further restriction in a liability policy, "has been held not to exclude injuries resulting from ordinary, or even gross, negligence." *Wood*, 980 S.W.2d at 49. Because Plaintiff's CGL Policy provides coverage for an "occurrence" or "accident," and because Nash asserts an alleged claim of negligence against Utopia, Plaintiff has a duty to provide a defense related to all claims asserted against Utopia in the Draft Petition. This Court should therefore overrule Plaintiff's Motion for

6

Summary Judgment and find that Plaintiff has a duty to defend Utopia against the alleged claims of Nash.

II. **Plaintiff's Motion for Summary Judgment on the issue of Indemnity is not ripe as Plaintiff has a duty to defend Utopia based on the allegations in the Draft Petition.**

Because the duty to defend is broader than the duty to indemnify, an insurer has a duty to defend claims fully within the ambit of an insurance policy even if the insurer may not ultimately be obligated to indemnify the insured. *Superior Equip. Co., Inc.*, 986 S.W.2d 484-85. In Missouri, when the controlling facts of an underlying action are not yet known, and a duty to defend arises out of potential coverage, resolution of the question of whether there is a duty to indemnify must await resolution of the facts in an underlying lawsuit. *Id.*

In this case, Plaintiff's request for summary judgment regarding its duty to indemnify Utopia is not ripe because the facts of Nash's alleged claims are not resolved and Plaintiff has a duty to defend Utopia because there is potential coverage for Nash's alleged claims as set forth in the Draft Petition. The Court should overrule Plaintiff's request for summary judgment regarding the duty to indemnify Utopia concerning the Draft Petition.

III. **Plaintiff's request for summary judgment regarding Plaintiff's duty to indemnify is not ripe in that Nash's Draft Petition has not been filed and thus is not "real and substantial."**

The United States Supreme Court requires that a dispute brought before the Court be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S.Ct. 764, 771 (2007) (internal quotations omitted).

The "claim" against Utopia is hypothetical because while the Draft Petition has been prepared and submitted to Utopia and subsequently to American Western as notice of a possible claim, it has not been filed against Utopia in any court of law. *See Utopia's Additional Statement of Uncontroverted Facts, ¶ 1*. Furthermore, the Draft Petition could end up being different from the present version. As such, the issues American Western is asserting are contingent on an event that may never happen. Essentially, American Western is asking the Court to give an advisory opinion as to what coverage American Western must provide under its policy with Utopia **if and when** Nash ever files a petition. The "underlying action" American Western alleges is not "real and substantial" as required by *MedImmune, Inc. See id.*

IV. **This Court should overrule Plaintiff's Motion for Summary Judgment because Plaintiff's request for summary judgment regarding Plaintiff's duty to indemnify is not ripe in that Plaintiff cannot prove that its exclusion applies to the alleged claims set forth Nash's unfiled Draft Petition.**

Because no petition has been filed, no process served, and no discovery began or completed, there is no information upon which American Western can support its claim that its policy with Utopia does or does not apply. Under Missouri law, American Western must prove that its insurance policy exclusion applies. *See Christian v. Progressive Cas. Ins., Co.,* 57 S.W.3d 400, 403 (Mo. Ct. App. 2001). Without the benefit of discovery to provide the basis of proof, American Western cannot conclusively show that its policy exclusion applies to the potential claims of Nash.

American Western's Petition in this case is, at best, premature and therefore, this dispute is not ripe for adjudication. American Western cannot prove that its policy exclusion applies to the underlying action because there is no underlying action. American Western is not entitled to summary judgment because there are no facts pertinent to any underlying action, material or otherwise, to supports its allegations. Further, because there is no underlying action, American

8

Western has failed to state a claim by which relief can be granted, and as such, this case should be dismissed.

**WHEREFORE**, Utopia respectfully requests that the Court overrule Plaintiff's Motion for Summary Judgment, enter a declaratory judgment that Plaintiff has a duty to defend and indemnify Utopia in the alleged underlying lawsuit, and grant Utopia such other and further relief as the Court deems just and proper.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(g), Utopia respectfully requests oral argument on Plaintiff's Motion for Summary Judgment.

Respectfully Submitted,

**SWANSON MIDGLEY, LLC**

*/s/ Christopher Barhorst*
Christopher Barhorst	MO #38944
Scott H. Murphy	MO #48915
2420 Pershing Road, Suite 400
Kansas City, Missouri  64108
Telephone:	(816) 842-6100
Facsimile:	(816) 842-0013
cbarhorst@swansonmidgley.com
**ATTORNEYS FOR DEFENDANTS
UTOPIA ACQUISITION L.P. AND
DALMARK MANAGEMENT GROUP, LLC**

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on this 10th day of November, 2008 the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Paul Hasty, Jr.
Schmitt Manz Swanson & Mulhern, PC
7101 College Boulevard, Suite 350
Overland Park, KS 66210
Attorneys for Plaintiff

*/s/ Christopher Barhorst*
Attorney for Defendants
Utopia Acquisition L.P. and
Dalmark Management Group, LLC