IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AMERICAN WESTERN HOME INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) ) |
| UTOPIA ACQUISITION L.P., et. al. | ) ) |
| Defendants. | ) |

Case No. 08-0419-CV-W-ODS-ECF

## REPLY TO DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW plaintiff, American Western Home Insurance Company, and for its Reply to Defendants' Suggestions in Opposition to Plaintiff's Motion for Summary Judgment, states as follows:

## PLAINTIFF'S REPLY TO UTOPIA'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS

Defendants have failed to controvert any of the statements of fact made by the plaintiff and they are therefore established as uncontroverted. Rule 56.1.

## PLAINTIFF'S RESPONSE TO UTOPIA'S ADDITIONAL STATEMENT OF UNCONTROVERTED FACTS

1. It is uncontroverted that the petition prepared by Georgina Nash, et. al. has not, as of yet, been filed. However, for purposes of Plaintiff's Motion for Summary Judgment, this is irrelevant.

2. Uncontroverted.

3. It is uncontroverted that these allegations appear in Nash's petition.

## ARGUMENT AND AUTHORITIES

1.   Defendants have pointed to a number of allegations in Nash's petition whereby Nash claims damages for the following: "other airborne contaminates and/or irritants", "serious moisture", "water residue", "moisture-related contamination." (See Utopia's Additional Statement of Uncontroverted Facts). Defendants point this out in an attempt to show that Nash is claiming damages as a result of conditions other than mold. However, plaintiff suggests that the damage petition is clear that the allegation is that there were moisture issues that gave rise to mold. The damage plaintiffs don't claim injury due to moisture. They claim the moisture conditions were what caused the mold or allowed the mold to be present.

2.   Defendants have told the Court that there is coverage because the damage plaintiffs are alleging "occurrence". Defendants' argument simply misses the point. It doesn't matter if there was or wasn't an "occurrence". Even if there was an "occurrence", or even if the damage plaintiffs are alleging an "occurrence", the mold exclusion applies. There is no coverage for damage due to mold whether or not there has been an occurrence alleged.

3.   Defendants have also told the Court that the damage plaintiffs claim mold and "airborne contaminants". That does not help the defendants herein because such contaminants are excluded from coverage. The policy is before the Court. It is Exhibit A to the Memorandum in Support of the Motion for Summary Judgment. It provides:

> This insurance does not apply to…"bodily injury" or "property damage" arising out of the actual alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants"…"pollutants means any solid, liquid, gaseous or thermal *irritant* or *contaminant*… .

2

4.  The only other defense that the defendants are offering to the summary judgment motion is that declaratory judgment is not ripe because the claimants have not filed their damage petition. However, the law is against the defendants on that issue because it is not necessary that a lawsuit be filed in order for the insurance carrier to have the right to have the coverage issues determined by declaratory judgment.

Plaintiff suggests that the defendants have ignored the very purpose of an action for declaratory judgment. "Declaratory judgment actions are justiciable if 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issue of declaratory judgment.'" *National Basketball Association v. SDC Basketball Club, Inc.*, 815 F.2d 562, 565 (9th Cir. 1987) quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941); *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007). Thus, a declaratory judgment allows a prospective defendant to sue in order to establish its nonliability. *Owatonna ManufacturingCompany, Inc. v. Melroe Company*, 301 F.Supp. 1296, 1299 (D. Minn. 1969). Declaratory judgment actions brought by insurers to determine liability coverage in underlying damage claims are quite common.

Therefore, Wright and Miller point out:

It is clear that in some instances a declaratory judgment is proper even though there are future contingencies that will determine whether a controversy ever actually becomes real. The familiar type of suit in which a liability insurer seeks a declaration that it will not be liable to indemnify an insured person for any damages the injured person may recover against the insured is an example. The injured person may not sue or the injured person may not obtain a judgment against the insured, but there is held to be sufficient controversy between the insurer and the injured person that a declaratory judgment is permissible. Wright and Miller, 10B Fed. Prac. & Proc. Civ.3d § 2757, Existence of Actual Controversy.

3

Defendants make much of the fact that the petition drafted by Nash has not, at present, been filed. However, this does not, as defendants' assert, mean that plaintiff's Motion for Summary Judgment on its declaratory judgment claim is unripe for review. In the typical declaratory judgment action, where one party seeks to establish non-liability against the claims of another, "the threat of litigation can establish a justiciable controversy if it is specific and concrete." *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). The court should look to the practical likelihood that a controversy will become real. *Id.* Other courts have noted that: "If one party threatens to bring suit but has not, that threat, if specific and concrete, establishes a controversy." *Friedman v. Geller*, 925 F.Supp. 611, 613 (E.D. Wis. 1996) citing *Nucor Corp. v. Aceros Y Maquilas de Occidente*, 28 F.3d 572, 577 (7th Cir. 1994). What could be more of a "threat of litigation" than a lawyer stating that he represents claimants and he is going to file a petition on the claim and sending a copy of the petition?

*Aetna Casualty and Surety Company v. General Dynamics Corporation*, 968 F.2d 707 (8th Cir. 1992) presents a factually analogous situation to the case at bar. There, an insurer brought an action against its insured seeking declaratory relief as to its obligation to defend and indemnify its insured in connection with claims against the insured arising from environmental pollution. *Id.* at 707. The insured was served with lawsuits concerning environmental contamination at seven (7) of its sites and received letters from federal and state environmental agencies or from private parties demanding cleanup at nine (9) other sites. *Id.* at 709. The insured forwarded notice of the suits and letters to the insurer. *Id.* The insurer filed a declaratory judgment action arguing it had no duty to defend under a "pollution exclusion." *Id.* The district court held that the case

4

was not ripe as to four (4) of the sixteen (16) sites because no suit had been filed nor any settlements achieved at those sites. *Id.* The court of appeals ruled that a live, justiciable controversy existed between the parties and that the declaratory judgment action was ripe with respect to the four (4) sites on which no suit had been filed. *Id.* at 711. The court noted that the insured had made a clear demand for payment of defense and indemnity costs and because of the disputed demands a live controversy over the disputed sites existed sufficient to invoke the jurisdiction of the district court. *Id. See Also NUCOR Corp. v. Aceros Y Maquilas de Occidente*, 28 F.3d 572, 578 (7th Cir. 1994)(finding that once buyer sent "notice letter" informing manufacturer that suit would be filed in state court if dispute was not resolved disagreement was no longer an abstract question and therefore ripe for adjudication).

In the case at bar, the declaratory judgment action brought by plaintiff is justiciable and plaintiff's Motion for Summary Judgment is ripe for review. This case presents a typical use of the declaratory judgment procedure: an insurer seeking a judgment that it has no duty to defend or indemnify the insured based on allegations against the insured as applied to the language of the policy. In addition, courts have stated that the threat of litigation is sufficient to establish a justiciable controversy if that threat is specific and concrete. Here, that is the case.
Plaintiff suggests that it is highly unlikely that counsel for Nash would draft a nineteen (19) page petition for damages without intending to file suit. Moreover, the draft petition establishes that the threat of litigation is "specific and concrete." Indeed, the petition itself is concrete evidence of the threat of litigation. The draft petition also aids this Court in making its determination that there is a practical likelihood that the controversy

will become real. This situation is similar to the situation in *Aetna Casualty*. As in that case, litigation has not yet been initiated. But just as the court held in that case under those facts, this does not mean that the plaintiff's declaratory judgment action is not ripe for review here.

Defendants argue that because Nash's petition has not been filed, the claims against Utopia are "hypothetical" and "contingent on an event that may never happen." (See Defendants' Suggestions in Opposition to Plaintiff's Motion for Summary Judgment). Again, defendants are overlooking the basic purpose of a declaratory judgment action:

> ...all declaratory judgments will be in some sense hypothetical, since they are premised on the understanding that the prospective plaintiff has not yet filed suit and the prospective defendant wishes to determine his or her liability. The issue is not whether the requested declaratory relief is hypothetical. Rather, the issue is whether the case presents a sufficiently concrete case and controversy upon which relief may be fashioned. *National Basketball Association*, supra 815 F.2d 562 at 566.

Defendants also assert that Nash's petition could end up being different when it is filed. If Nash makes different claims, then those can be addressed at the time. The matter is currently before the Court on plaintiff's request for declaratory judgment that the policy purchased from the plaintiff provides the defendants herein with no coverage for the claims that have been threatened against them in the draft petition that has been presented by the damage plaintiffs. Plaintiff herein is not seeking, and could not seek, a declaratory judgment that the policy provides no coverage for claims that have never been made. If those "other claims" are later made, then they can be addressed at that point.

6

In any event, whether a different petition is filed is irrelevant to the Court's ruling on plaintiff's Motion for Summary Judgment that is before the Court now. A ruling on plaintiff's motion as the facts stand at present is ripe for review. That is, this Court may properly grant plaintiff's motion as to the allegations made in *this* petition.

Finally, defendants claim that plaintiff's Motion for Summary Judgment is not ripe because there has been no discovery in the damage case and therefore, as defendants argue, plaintiff cannot show that the mold exclusion applies in this case. The flaw in defendants' argument is that the issues before the Court on plaintiff's motion are all pure issues of law. Here, discovery in the damage case is not necessary to resolve the issues before this Court on plaintiff's Motion for Summary Judgment because the issues are purely legal ones. *See Blum v. Allstate Ins. Co.*, 296 F.Supp.2d 1037,1039 (E.D. Mo.)(Under Missouri law, disputes arising from interpretations and application of an insurance policy are matters of law to be determined by the court); *John Deere Ins. Co. v. Shamrock Industries, Inc.* 929 F.2d 413, 417 (8th Cir. 1991)(Interpretation and construction of insurance policies is matter of law, and therefore, such cases are particularly amenable to summary judgment). A case is ripe when any remaining questions are purely legal ones. *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

In this case, defendants' argument that plaintiff's motion is not ripe because no discovery has been conducted in the damage case should fail. The issues before the Court are pure issues of law and therefore are "particularly amenable to summary judgment."

Defendants' arguments, as reflected in their Suggestions in Opposition to Plaintiff's Motion for Summary Judgment, are without merit for the above reasons. In addition, defendants have failed to address any of the legal arguments pertaining to the applicability of the mold exclusion on these facts put forth by plaintiff in its summary judgment motion. Accordingly, summary judgment in favor of plaintiff is appropriate.

SCHMITT, MANZ, SWANSON & MULHERN, P.C.

By /s/ Paul Hasty, Jr.
Paul Hasty, Jr.  MO # 34470
7101 College Blvd., Suite 350
Overland Park, Kansas 66210
(913) 317-8068
(913) 317-8058 (facsimile)

**ATTORNEYS FOR PLAINTIFF**

I hereby certify that the above and foregoing was electronically filed and served by using the CM/ECF system on December 2nd, 2008, to:

Christopher Barhorst
SWANSON MIDGLEY, LLC
2420 Pershing Road, Suite 400
Kansas City, Missouri 64108
cbarhorst@swansonmidgley.com

**ATTORNEYS FOR DEFENDANT DALMARK MANAGEMENT GROUP LLC**

/s/ Paul Hasty, Jr.
Paul Hasty, Jr.
For the Firm