IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AMERICAN WESTERN HOME ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 08-0419-CV-W-ODS-ECF |
| ) | |
| UTOPIA ACQUISITION L.P., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' SURREPLY TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants Utopia Acquisition L.P. and Dalmark Management Group, LLC (hereinafter collectively referred to as "Utopia"), by and through their attorneys of record, for their Surreply to Plaintiff American Western Home Insurance Company's (hereinafter "Plaintiff" or "American Western") Motion for Summary Judgment, state and allege as follows:

### THE POLLUTION EXCLUSION DOES NOT APPLY

In its Motion for Summary Judgment, Plaintiff urges the Court to enter summary judgment and a declaration that Plaintiff has no duty to defend or indemnify Utopia in the underlying lawsuit because the alleged claims are allegedly excluded from coverage by the mold exclusion provision of the subject comprehensive general liability insurance policy, policy # QR0011147C (the "CGL Policy"). *See generally Plaintiff's Motion for Summary Judgment*. In their opposition to Plaintiff's Motion, Defendants point out that, in its Motion, Plaintiff ignores allegations in the draft Petition for Damages styled *Makya Nash, Deundre Williams, Anthony Richard and Georgia Nash* (hereinafter collectively referred to as "Nash") *v. Utopia Acquisition*

*L.P. d/b/a Brittany Place Apartments, Dalmark Management Group, LLC a/k/a Dalmark Management, Inc. d/b/a/ Brittany Place Apartments and Maxus Properties, Inc. d/b/a Brittany Place Apartments* (the "Draft Petition") that invoke a defense and coverage for Utopia under the CGL Policy. *See Utopia's Additional Statement of Uncontroverted Facts, ¶ 3*. Specifically, Nash alleges that their alleged injuries were caused by serious moisture problems in the apartment and due to exposure to airborne contaminants and/or irritants in addition to mold. *Id.* In its reply, Plaintiff contends that airborne contaminants are also allegedly excluded from coverage pursuant to the insurance policy's "Pollution Exclusion." For the reasons set forth below, Plaintiff is wrong. The subject Pollution Exclusion is ambiguous regarding pollutants, and should therefore be construed against the Plaintiff. In the Draft Petition, Nash alleges, among other things, that her alleged injuries were caused by severe moisture problems. The policy does not identify water as a pollutant, and therefore the Pollution Exclusion does not apply. As Defendants did not discharge, disperse or release any pollutant the pollution exclusion does not apply.

Under Missouri law, the burden is on American Western to prove that its insurance policy exclusion applies. *See Christian v. Progressive Cas. Ins., Co.,* 57 S.W.3d 400, 403 (Mo. Ct. App. 2001). Based on the allegations in the Draft Petition that has not yet been filed, American Western cannot conclusively show that its policy exclusion applies to the potential claims of Nash.

A.     **The Pollution Exclusion is Ambiguous and Water is Not a Pollutant**

In *Hocker Oil Company v. Barker-Phillips-Jackson*, 997 S.W.2d 510 (Mo. Ct. App. 1999), the court found a pollution exclusion identical to the pollution exclusion in this case to be ambiguous. In *Hocker, supra*, the court found that gasoline that was released into the ground

was not a pollutant pursuant to the pollution exclusion in the policy. In the instant case, Plaintiff cannot establish what substance Nash is alleging caused the alleged problems. Nash repeatedly complains of moisture problems in addition to the complaints about mold. *See Utopia's Additional Statement of Uncontroverted Facts, ¶ 3.* Defendants respectfully suggest that if gasoline was not a pollutant in the *Hocker* case, water should not be deemed to be a pollutant in this case, in particular when water is not a pollutant and is not identified in the subject policy as a pollutant.

B. **The Pollution Exclusion Does Not Apply Because There Was No Discharge**

Plaintiff contends that the Pollution Exclusion excludes claims for "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants . . .." There is no allegation of discharge, dispersal, seepage, migration, release or escape of any substance in the Draft Petition. Pollution exclusions are designed so that when an insured pollutes, by discharging, dispersing or otherwise releasing pollutants, the act of discharging, dispersing or releasing is not a covered occurrence. There is no allegation of pollutants being discharged, dispersed or released, and therefore the pollution exclusion does not apply. Under Missouri law, the burden is on American Western to prove that its insurance policy exclusion applies. *See Christian v. Progressive Cas. Ins., Co.,* 57 S.W.3d 400, 403 (Mo. Ct. App. 2001). American Western cannot conclusively show, based on the allegations in the Draft Petition, that its policy exclusion applies to the potential claims of Nash.

The facts that form the basis of Nash's alleged claims against Utopia set forth in the Draft Petition create the possibility that water residue and other moisture-related contamination caused the alleged damages and injury. *Id.* As such, this Court should find in favor of a defense and

225668.DOC

3

Case 4:08-cv-00419-ODS   Document 30   Filed 02/04/09   Page 3 of 5

coverage for Utopia under Plaintiff's CGL Policy and overrule Plaintiff's Motion for Summary Judgment.

**WHEREFORE**, for the reasons set forth herein and in Utopia's Opposition to Summary Judgment, Utopia respectfully requests that the Court overrule Plaintiff's Motion for Summary Judgment, enter a declaratory judgment that Plaintiff has a duty to defend and indemnify Utopia in the alleged underlying lawsuit, and grant Utopia such other and further relief as the Court deems just and proper.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(g), Utopia respectfully requests oral argument on Plaintiff's Motion for Summary Judgment.

Respectfully Submitted,

**SWANSON MIDGLEY, LLC**

*/s/ Christopher Barhorst*
Christopher Barhorst    MO #38944
Scott H. Murphy    MO #48915
2420 Pershing Road, Suite 400
Kansas City, Missouri 64108
Telephone: (816) 842-6100
Facsimile: (816) 842-0013
cbarhorst@swansonmidgley.com
**ATTORNEYS FOR DEFENDANTS**
**UTOPIA ACQUISITION L.P. AND**
**DALMARK MANAGEMENT GROUP, LLC**

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on this 4th day February, 2009 the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Paul Hasty, Jr.
Schmitt Manz Swanson & Mulhern, PC
7101 College Boulevard, Suite 350
Overland Park, KS  66210
Attorneys for Plaintiff

*/s/ Christopher Barhorst*
Attorney for Defendants
Utopia Acquisition L.P. and
Dalmark Management Group, LLC